IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA for :
the use and benefit of BALTIMORE
STEEL ERECTORS, LLC :

    v. : Civil Action No. DKC 18-2560

:

THE HANOVER INSURANCE COMPANY
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Defendant's motion to compel arbitration and stay action. (ECF No. 7). The issues are fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be denied.

**I. Background**

The following facts are undisputed except where otherwise noted. The United States awarded a construction contract ("prime contract") to ARGO Systems, LLC ("ARGO") as general contractor on or about June 27, 2016. (ECF No. 1 ¶ 6). The prime contract was for the construction of the Fort Meade Department of Public Works Building, Fort George C. Meade, Hanover, Maryland. (*Id.* ¶ 5). Because the prime contract was awarded for the construction of a federal building and exceeded $100,000 in value (*see id.* ¶ 7), ARGO was required by § 3131(b) of the Miller Act, 40 U.S.C. §

3131(b), to furnish the United States with a payment bond.[1] "ARGO, as [p]rincipal, and [Hanover Insurance Company ('Defendant' or 'Surety')], as surety, issued [a payment bond] in the penal sum of $6,900,000.00 . . . to assure payment to subcontractors and materialmen who performed work and/or provided labor, materials[,] and services . . . in connection with the work required by the subcontract." (ECF No. 1 ¶ 7). ARGO, thereafter, awarded Plaintiff, Baltimore Steel Erectors, LLC ("Plaintiff" or "Baltimore Steel"), a subcontract for steel fabrication and erection services.[2] (ECF Nos. 1 ¶ 8; 7-1). Article 14 of the subcontract states, in pertinent part: "All claims, disputes, and matters in question arising out of or relating to this Agreement or the breach thereof . . . shall be decided by arbitration[.]"[3]

---

[1] 40 U.S.C. § 3131(b) states, in relevant part: "Before any contract of more than $100,000 is awarded for the construction . . . of any public building or public work of the Federal Government, a person must furnish to the Government . . . [a] payment bond with surety satisfactory . . . equal[ing] the total amount payable by the terms of the contract[.]"

[2] As required by 40 U.S.C. § 3133(b)(3)(A), Miller Act recovery suits are "brought . . . in the name of the United States for the use of the person bringing the action." However, as this action is being brought for the use and benefit of Baltimore Steel, the court will refer to Baltimore Steel as Plaintiff.

[3] The subcontract also states: "[T]his agreement to arbitrate shall be governed by the Federal Arbitration Act." (ECF No. 7-1, at 6).

(ECF No. 7-1, at 6). Plaintiff alleges that ARGO has yet to pay Plaintiff $153,846.13 for its completed work, labor, materials, and services under the subcontract. (ECF No. 1 ¶ 10).

Plaintiff timely filed this Miller Act suit against Defendant on August 20, 2018 to recover on the payment bond.[4] Plaintiff seeks damages totaling $153,846.13, plus interest, attorney's fees and the costs of these proceedings. (ECF No. 1, at 4). Defendant filed a motion to compel arbitration and stay action on October 23, 2018. (ECF No. 7). Plaintiff responded in opposition to Defendant's motion on November 19, 2018. (ECF No. 9).

## II. Analysis

Under the Miller Act, a subcontractor may sue the surety alone without inclusion of the contractor as a defendant. *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir.

---

[4] § 3133(b)(1) of the Miller Act states:

> "Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under [§] 3131 . . . and that has not been paid in full within ninety days . . . may bring a civil action on the payment bond for the amount unpaid[.]"

§ 3133(b)(4) further requires suits on payment bonds to be filed "no later than one year after . . . the last of the labor was performed or material was supplied by the person bringing the action."

3

1967) (noting that the Miller Act confers a right to sue on the payment bond "independent of any right to sue the contractor"); *United States ex rel. Henderson v. Nucon Constr. Corp.*, 49 F.3d 1421, 1423 (9th Cir. 1995) ("[A]ll courts to consider the question have concluded that a surety alone may be sued by a subcontractor under the Miller Act."). Sureties are not entitled to enforce certain contract provisions "despite the fact that 'the general rule of suretyship law' is that a 'surety's liability is coextensive with that of the principal.'" *United States ex rel. Tusco, Inc. v. Clark Constr. Grp., LLC*, 235 F.Supp.3d 745, 756-57 (D.Md. 2016) (quoting *United States ex rel. Walton Tech., Inc. v. Weststar Eng'g, Inc.*, 290 F.3d 1199, 1205-06 (9th Cir. 2002)). "In Miller Act cases, the liability of sureties is 'at least coextensive with the obligations imposed by the Act.'" *Id.* at 757 (quoting *Walton Tech.*, 290 F.3d at 1206).

Plaintiff timely sued Defendant, the contractor's surety, for money owed under the payment bond, thus satisfying the Miller Act. Further, a surety cannot enforce an arbitration agreement between the subcontractor and contractor in this circumstance. *See United States ex rel. N.U., Inc. v. Gulf Ins. Co.*, 650 F.Supp. 557, 559 (S.D.Fl. 1986) ("[A]n arbitration clause in a Subcontract between the subcontractor and the contractor [is] ineffective as to the

4

contractor's surety.") (citing *United States ex rel. Portland Constr. Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1012 (5th Cir. 1976)); *see also Progressive Cas. Ins. Co. v C.A. Reaseguradora Nacional De Venezuela*, 991 F.2d 42, 48 (2d Cir. 1993) (incorporated arbitration provision bound only the "contracting parties" to arbitrate). Defendant is not a contracting party to the relevant arbitration clause, nothing in the record indicates that arbitration is ongoing between Plaintiff and ARGO, and Defendant provides no analogous case supporting its request to stay this action. Moreover, the competing discretionary factors weigh against a stay, as the only hardship Defendant may face is fulfilling its purpose under the Miller Act – to "make good the obligations of a defaulting contractor to his suppliers of labor and material." *United States ex rel. Sherman v. Carter*, 353 U.S. 210, 216–17 (1957); *see Gulf Ins. Co.*, 650 F.Supp. at 559 (rejecting contention that surety would be subject to inconsistent results because claims under alternate dispute resolution clauses in subcontracts have "no effect on a subcontractor's Miller Act claim."); *United States ex rel. Pembroke Steel Co. v. Phoenix Gen. Constr. Co.*, 462 F.2d 1098, 1099 (4th Cir. 1972) (finding that a subcontractor need not submit Miller Act disputes to an agreed-upon alternate dispute resolution process unless it waived "the

right to sue the prime contractor . . . 'by clear and express provisions' in the subcontract"). Accordingly, Defendant's motion will be denied.

## III. Conclusion

For the foregoing reasons, Defendant's motion to compel arbitration and stay action will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
