IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA for : 
the use and benefit of BALTIMORE
STEEL ERECTORS, LLC :

    v. : Civil Action No. DKC 18-2560

                                            :

THE HANOVER INSURANCE COMPANY
                                            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Miller Act case is the motion to intervene filed by third party ARGO Systems, LLC ("ARGO"). (ECF No. 25). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to intervene will be granted.

**I.  Background**

The following facts are undisputed except where otherwise noted. The United States awarded a construction contract ("prime contract") to ARGO as general contractor "on or about June 27, 2016." (ECF No. 1 ¶ 6). The prime contract was for the construction of "the Fort Meade Department of Public Works Building, Fort George C. Meade, Hanover, Maryland." (*Id.* ¶ 5). Because the prime contract was awarded for the construction of a federal building and exceeded $100,000 in value, (*see id.* ¶ 7), ARGO was required by § 3131(b) of the Miller Act, 40 U.S.C. §

3131(b), to furnish the United States with a payment bond.[1] "ARGO, as [p]rincipal, and [Hanover Insurance Company ("Defendant" or "Surety")], as surety, issued [a payment bond] in the penal sum of $6,900,000.00 . . . to assure payment to subcontractors and materialmen who performed work and/or provided labor, materials[,] and services . . . in connection with the work required by the subcontract." (ECF No. 1 ¶ 7). ARGO, thereafter, awarded Plaintiff, Baltimore Steel Erectors, LLC ("Plaintiff" or "Baltimore Steel"), a subcontract for "steel fabrication and erection services."[2] (ECF Nos. 1 ¶ 8; 7-1). Plaintiff alleges that ARGO has yet to pay Plaintiff $153,846.13 for its completed "work . . . labor, materials[,] and services" under the subcontract. (ECF No. 1 ¶ 10).

Plaintiff timely filed this Miller Act suit against Defendant on August 20, 2018 to recover on the payment bond.[3] Plaintiff

---

[1] 40 U.S.C. § 3131(b) states, in relevant part: "Before any contract of more than $100,000 is awarded for the construction . . . of any public building or public work of the Federal Government, a person must furnish to the Government . . . [a] payment bond with surety satisfactory . . . equal[ing] the total amount payable by the terms of the contract[.]"

[2] As required by 40 U.S.C. § 3133(b)(3)(A), Miller Act recovery suits are "brought . . . in the name of the United States for the use of the person bringing the action." However, as this action is being brought for the use and benefit of Baltimore Steel, the court will refer to Baltimore Steel as Plaintiff.

[3] § 3133(b)(1) of the Miller Act states:

seeks damages totaling "$153,846.13, plus interest . . . attorney's fees and the costs of these proceedings." (ECF No. 1, at 4). Defendant filed a motion to compel arbitration and stay action on October 23, 2018. (ECF No. 7). The court denied that motion on July 23, 2019. (ECF No. 10). Hanover subsequently answered the complaint, (ECF No. 14), and discovery commenced. On September 29, 2019, ARGO moved to intervene. (ECF No. 25).

**II. Analysis**

ARGO seeks to intervene both as of right and by permission of the court. To establish the right to intervene in an action under Rule 24(a), an intervenor must (1) submit a timely motion; (2) demonstrate a "direct and substantial interest" in the property or transaction; (3) prove that the interest would be impaired if the intervention was not allowed; and (4) establish that the interest is inadequately represented by existing parties. *First Penn-Pacific Life Ins. Co. v. William R. Evans, Chartered*, 200 F.R.D. 532, 536 (D.Md.2001) (citing *In re Richman*, 104 F.3d 654, 659 (4th

---

> "Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under [§] 3131 . . . and that has not been paid in full within ninety days . . . may bring a civil action on the payment bond for the amount unpaid[.]"

§ 3133(b)(4) further requires suits on payment bonds to be filed "no later than one year after . . . the last of the labor was performed or material was supplied by the person bringing the action."

3

Cir.1997)). A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements.

In a case where permissive intervention is granted, the court need not decide the issue of intervention by right. *See United States v. Continental Casualty Company*, 2017 WL 3642957 at *5 (D. Md. Aug. 24, 2017) (citing *U.S. ex. Rel. MPA Const., Inc. v. XL Specialty Ins. Co.*, 349 F.Supp.2d 934, 938-39 (D. Md. 2004)). Rule 24(b)(2) governs permissive intervention and states, in pertinent part:

> Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2). As with intervention by right, permissive intervention is governed by a four factor test: (1) that [the intervenor's] motion is "timely"; (2) that its "claim or defense and the main action have a question of law or fact in common" ...; (3) that there exists an independent ground of subject matter jurisdiction; and, (4) that "intervention will [not] unduly delay or prejudice the adjudication of the rights of the original parties." *Shanghai Meihao Elec. Inc. v. Leviton Mfg. Co.*, 223

F.R.D. 386 (D. Md. 2004) (addressing permissive intervention for plaintiffs).

Of these factors, neither the court nor the parties find the second to be in dispute. *See also*, *XL Specialty Ins. Co.*, 349 F.Supp.2d at 938-39 (D. Md. 2004) (noting commonality of questions of law and fact in similar Miller Act case). Plaintiff expressly disputes two of the other three factors, arguing that 1) ARGO's motion is not timely, (ECF No. 26, at 2), and 2) Plaintiff would be prejudiced by intervention at this stage (*Id.*, at 3).[4]

The questions of timeliness and potential prejudice to Plaintiff are essentially one and the same. *See, e.g.*, *Alt v.*

---

[4] In a footnote, Plaintiff addresses alternative remedies that ARGO may have available to it if denied its motion to intervene. (ECF No. 26, at 4, n.4). Plaintiff suggests that ARGO would be able to "file suit in a state court against BSE," but not in federal court, because, "the true value of any claim by ARGO is $57,341.16, less than the diversity subject matter jurisdiction of this Court." (*Id.*). Whether this footnote is intended to suggest that there is not "an independent ground of subject matter jurisdiction," is not entirely clear. ARGO, in its own footnote, suggests that intervenors in its situation "need not show an independent basis for jurisdiction because they invariably fall within the ancillary jurisdiction of the court." (ECF No. 25-2, at 6, n. 5).
Under the circumstances, there is no jurisdictional issue with regard to ARGO's intervention. *See Pennsylvania Nat. Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 224 (D. Md. 2010) (noting that "the Fourth Circuit has not spoken on this issue," but abiding by out of circuit holdings that "independent jurisdiction should no longer be required with respect to those. . . whose claims are so closely connected with the original action that they satisfy the case or controversy requirement") (quoting *Conseco v. Wells Fargo Financial Leasing, Inc.*, 204 F.Supp.2d 1186, 1192 (S.D. Iowa 2002)). *See also*, *Continental Casualty Company*, 2017 WL 3642957 at *5-6 (allowing permissive intervention without

5

*U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014) ("In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, a trial court in this Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion."). Plaintiff does not, in its papers, point to any potential prejudice. What is more, ARGO's motion to intervene comes at an early stage: discovery is still ongoing and ARGO filed its motion within the court's October 3, 2019 deadline for joinder of additional parties. (ECF No. 15, at 2). Some delay is inherent in the notion of intervention, of course, 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1913 (3d ed. 2017), and there is no indication that intervention will cause undue delay in this case.

**III. Conclusion**

For the foregoing reasons, the motion to intervene filed by ARGO will be granted. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge

---

finding of independent grant of subject matter jurisdiction); *XL Specialty Ins. Co.*, 349 F.Supp.2d at 938-39 (same).